IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE NUNEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-121-DRH |
| ) | |
| EDWIN R. BOWEN, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent, Edwin R. Bowen, on June 10, 2005 (Doc. 9).  For the reasons set forth below, it is **RECOMMENDED** that Bradley J. Robert be **SUBSTITUTED** for the Respondent, Edwin J. Bowen, that the Motion to Dismiss be **GRANTED**, that this matter be **DISMISSED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

On September 29, 1993, the Petitioner, Jose Nunez, was convicted by a jury in St. Clair County Court for trafficking in a controlled substance (Petition for Writ of Habeas Corpus (hereinafter "Petition") at p. 4).  He was sentenced to 34 years imprisonment and a $1,575,000 fine was imposed (Resp. Ex. A at p. 1).  He appealed his conviction and the Appellate Court of Illinois affirmed the conviction by an order dated May 3, 1996 (Resp. Ex. A).  Nunez did not file any further direct appeals with the Illinois Supreme Court or the United States Supreme Court. (Petition at p. 5).

On January 27, 1997, Nunez filed a post-conviction petition with the St. Clair County

Court (Petition at p. 6). He alleged that his trial counsel was ineffective, that the trial court erred in denying a motion to suppress, and that the Appellate Court's decision, on direct appeal, was *res judicata* (Petition at p. 6). In a brief order, dated November 20, 2000, the trial court denied his petition (Resp. Ex. B). Upon appeal, the Appellate Court of Illinois affirmed the trial court's decision in an order dated October 3, 2002. In doing so, the Appellate Court considered Nunez's arguments that his motion to suppress should have been granted, that his first counsel had a conflict of interest, that his trial counsel was ineffective, and that he was improperly handcuffed and shackled before the jury (Resp. Ex. C). Nunez appealed this decision to the Illinois Supreme Court which affirmed the Appellate Court in an order dated February 5, 2003. People v. Nunez, 787 N.E.2d 178 (table) (Ill. 2003).

On February 24, 2004, Nunez filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, with this Court. In this petition, he again alleges that the motion to suppress should have been granted, that his trial counsel was ineffective, and that the Appellate Court's ruling is *res judicata*. On January 11, 2005, Nunez filed a motion for judgment on the pleadings (Doc. 6) This motion was denied on June 1, 2005 (Doc. 7). Thereafter, the Respondent filed the present motion to dismiss.

## CONCLUSIONS OF LAW

Bradley J. Robert currently is the warden of Centralia Correctional Center, where Nunez is housed. Therefore, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, Edwin Bowen should be substituted by Bradley J. Robert as the Respondent.

It is unnecessary for the Court to hold a evidentiary hearing on this matter as it can be considered on the briefs submitted by the parties. As an inmate in state custody, Nunez seeks

relief pursuant to 28 U.S.C. §2254, which is a codification of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This code section contains a number of requirements including the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the Nunez's claims or the facts relied on in basing their decision. 28 U.S.C. §2244(d) further provides the time limits for the filing of a habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In general terms, Nunez had one year from the final judgement of the state courts on direct appeal within which to file his petition for a writ of habeas corpus with this court as provided by

§2244(d)(1)(A).[1] The time that it took for Nunez's properly filed state post-conviction petition does not count against him. The burden is on the Respondent to show that the petition is untimely. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004).

The Respondent argues that Nunez's petition was filed out of time because 371 days elapsed between the final state court judgment on his post-conviction petition and the filing of his habeas petition with this Court. The Respondent points out that the Supreme Court of Illinois issued its order on February 5, 2003. Therefore, Nunez had until February 5, 2004 to file his petition with this Court. The Respondent further notes that the petition was not filed until February 24, 2004; and, even if the date that Nunez signed the petition, February 11, 2004, is used, the petition is still filed out of time. In response, Nunez states that he was told by "law clerks, inmates, or para-legals" at his jail that he had until February 27, 2004 to file his petition as that is one year from the date that the Illinois Supreme Court issued its mandate with respect to his state post-conviction petition. He further argues that if this advice was faulty, it should not be counted against him and that he should be excused from filing an untimely petition.

Nunez's conviction was affirmed by the Illinois Appellate Court on May 3, 1996. He had until May 24, 1996 to appeal this decision to the Illinois Supreme Court (which he did not). ILLINOIS SUPREME COURT RULE 315(b). Thus, Nunez's conviction became final on May 24, 1996.[2] He filed his state post-conviction petition on January 27, 1997, 248 days later. His state

---

[1] There is no indication in the record that the provisions of §2244(d)(1)(B-D) apply to this case.

[2] Nunez is not entitled to a 90 day period for filing a petition for certiorari with the United States Supreme Court, as provided in Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002), because the Illinois Court of Appeals is not the state court of last resort. See SUPREME COURT RULE 13.

petition remained pending until February 5, 2003. For purposes of §2244(d)(1)(A), the relevant date is the date of the Illinois Supreme Court's order, not the date of the mandate. See Gildon, 384 F.3d at 887 ("State law controls the issue of when a state action is pending and when it is final); Wilson v. Battles, 302 F.3d 745, 747 (7th Cir. 2002) (stating that "[i]n Illinois, the case law is quite clear that the judgment of an Illinois court of review is final on the day on which it is entered" (citing PSL Realty Co. V. Granite Inv. Co., 427 N.E.2d 563, 569-570 (Ill. 1981))); See also ILLINOIS SUPREME COURT RULE 368 (indicating that a mandate is issued 21 days after entry of judgment and is directed to the circuit court). Nunez's petition was not filed in this Court until February 24, 2004. Even if the date of the petition is used, February 11, 2004, the petition is still filed beyond the one year period allowed by §2244(d)(1)(A).

The only excuse that Nunez offers is that he received bad advice from various persons at the jail. The limitations period in §2244 may be subject to equitable tolling if Nunez can show that he has been pursuing his rights diligently and that "some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, __ U.S.__, __, 125 S.Ct. 1807, 1814-1815 (2005) (The Supreme Court, while applying this standard for equitable tolling, did not specifically find that equitable tolling applies to the limitations period imposed by the ADEPA.); See also Powell v. Davis, 415 F.3d 722, 726 (7th Cir. 2005) (stating that even after Pace, "there may still be room for equitable tolling of the limitations period in compelling circumstances"). Nunez has not met the burden imposed by the Supreme Court. While he may have acted diligently, he has not shown any compelling or extraordinary circumstance that would excuse his untimely filing. Even though he may have received bad advice and relied on that advice, even attorney misconduct does not excuse an untimely filing. Powell v. Davis, 415 F.3d 722, 727 (7th Cir.

2005).  The fact that the petition may have been filed a few days late does not excuse its untimeliness.  For these reasons, the motion to dismiss must be granted.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Bradley J. Robert be **SUBSTITUTED** for the Respondent, Edwin J. Bowen, that the Motion to Dismiss filed by the Respondent, Edwin R. Bowen, on June 10, 2005 be **GRANTED** (Doc. 9), that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:  and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 24, 2005**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
